**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

GABRIEL GILMORE,

                           Plaintiff,

    v.                                                        9:18-CV-0463
                                                                    (GLS/DJS)

BLAIR, *RN Nurse*,

                           Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GABRIEL GILMORE<br>Plaintiff, *Pro Se*<br>04-B-0387<br>Great Meadow Correctional Facility<br>Box 51<br>Comstock, NY 12821 | |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorney for Defendant<br>The Capitol<br>Albany, NY 12224 | MATTHEW P. REED, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Gabriel Gilmore commenced this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1, Compl. An initial review was performed by the Honorable Gary L. Sharpe, and as a result only the First Amendment retaliation claim against Defendant Blair survived. Dkt. No. 13 (the "June 2018 Order").

As to that allegation, it is alleged that Zachary Blair was at all relevant times a nurse at the Coxsackie Correctional Facility. Compl at p. 67; June 2018 Order at p. 5. Plaintiff alleges that Nurse Blair accused Plaintiff of lying about his health condition, an accusation that resulted in a misbehavior report. *Id.* This occurred in November 2016. *Id.* A month later Plaintiff was found "not guilty" after a disciplinary hearing on the charge. *Id.* Plaintiff further alleges that on January 23, 2017, after he had returned from an outside facility for a colonoscopy, Plaintiff was provided food and water at the Coxsackie Correctional Facility which caused him to become dizzy and have painful sensations. *Id.* Plaintiff alleges that a "John Doe" Correction Officer put a prophylaxis in his food, at the request of Nurse Blair, and that this caused him an aggravation of his lung and liver conditions. *Id.*

Presently before the Court are Plaintiff's Letter-Motions seeking to compel discovery. Those Motions are as follows:

Dkt. No. 30. A letter request from the Plaintiff, filed on January 14, 2019, seeking sanctions as a result of the Defendant's late production of his initial disclosure, as well as the production of an incomplete medical file and an incomplete grievance list. As part of that letter request the Plaintiff also seeks assistance for what he believes to be ongoing medical issues.

Dkt. No. 31. A letter request of the Plaintiff filed on February 11, 2019, again objecting to the late initial disclosure from the Defendant; an incomplete medical file; and an incomplete grievance list. In the February 11, 2019 letter

the Plaintiff also requests the appointment of counsel. In addition, the Plaintiff attached his First Set of Interrogatories to Defendant Blair.

Dkt. No. 43. This letter request of the Plaintiff was filed on the Court's docket on April 15, 2019, and is styled as a Motion to Compel discovery. In addition to complaining once again about the initial disclosures and the incomplete medical file, the Plaintiff also adds that he has not been supplied timely interrogatory answers. Further, Plaintiff attaches his Request for Production of Documents. That discovery request is dated March 14, 2019.

Counsel for Defendant Blair has now fully responded to the Letter-Motions. Counsel makes several points. As an initial matter, it is noted that the Plaintiff did not comply with the local rules by attempting to informally resolve this dispute prior to the present Motion. Dkt. No. 36. Second, counsel notes that while there was some delay in providing the initial disclosures because the necessary documents were not available, or for other legitimate reasons, the initial disclosures were in fact provided on December 24, 2018. *Id.* Third, Counsel asserts that all documents that were relevant to the sole remaining claim were provided, including 246 pages of complete medical records dating from July 5, 2016 until April 15, 2017. *Id.* This time period encompasses the four months before the event and three months after it. *Id*.

With regard to the Plaintiff's Interrogatories, defense counsel notes that the Request for Interrogatories was received by the Attorney General's Office on February 11, 2019.

Dkt. No. 44. Accordingly, responses were due by March 13, 2019. However, the Defendant was unexpectedly absent from work and defense counsel was in trial, making a timely response difficult. *Id.* Counsel wrote to the Plaintiff to advise him of this fact, and to further advise that the answers would be supplied by March 22, 2019. *Id.* In fact, on March 20, 2019 Defendant did provide a response to Plaintiff's requests. *Id.* Finally, as to the Plaintiff's Request for Production of Documents, counsel respectfully notes that such request was untimely. *Id.* As the discovery deadline was March 23, 2019, any such demand for the production of documents would have had to have been filed 30 days beforehand; to wit, February 23, 2019. The demands in question, however, were not received by the Attorney General's Office until March 18, 2019. *Id.*

## II. DISCUSSION

Having reviewed the Plaintiff's letters, defense counsel's responses, and having discussed the matter at length with the Plaintiff and defense counsel during an on-the-record telephone conference on May 17, 2019, the Court hereby denies the Plaintiff's Letter-Motions with one exception. First, Plaintiff's demand for a response to the Interrogatories is denied as moot, as those interrogatories have now been responded to. Second, the Plaintiff's demand for answers to the Plaintiff's Discovery Demands dated March 14, 2019, is denied a as these demands were clearly untimely under the scheduling order. With regard to Plaintiff's Motion for Sanctions for the Defendant's delay in providing the initial disclosure, that request is also denied. The initial disclosures were in fact provided several

months ago, and a reasonable explanation for the delay has been asserted. The production included the relevant pages of the Plaintiff's medical record, as well as the other documents which are proportionally relevant to the needs of this particular cause of action. However, the Plaintiff has asserted that is necessary for him to review certain photographs that were contained in the medical chart, and, in particular, that may be contained in certain compact discs that are also part of that chart. Accordingly, defense counsel is to make arrangements to have the Plaintiff view those discs, if they exist, and to provide him with the best quality copies of relevant photographs. All other requests of the Plaintiff are denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter-Motions to Compel Discovery, and for other relief, (Dkt. Nos. 30, 31, & 43) are **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: May 21, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge