UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

GABRIEL GILMORE,

                             Plaintiff,                   9:18-CV-0463
                                                    (GLS/DJS)

       v.

BLAIR,

                              Defendant.

─────────────────────────────────

APPEARANCES:

GABRIEL GILMORE
04-B-0387
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821


HON. LETITIA JAMES                     NICHOLAS LUKE ZAPP
New York State Attorney General       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

      Plaintiff Gabriel Gilmore commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983, and thereafter a proper application to proceed in forma

pauperis (IFP).  *See* Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").  By Decision and

Order filed on June 5, 2018, plaintiff's IFP Application was granted, and after screening the

complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed several claims and defendants from this action, and found that plaintiff's First Amendment retaliation claim against defendant Blair survived sua sponte review and required a response. Dkt. No. 13 (the "June 2018 Order").[1]

Thereafter, plaintiff filed a letter motion requesting that he be transferred out of Great Meadow Correctional Facility ("Great Meadow C.F.") based on alleged mail tampering. *See* Dkt. No. 23 ("Letter Motion"). By Decision and Order filed on November 15, 2018, the Court liberally construed the Letter Motion as a motion for preliminary injunctive relief, and denied the motion. *See* Dkt. No. 26 ("November 2018 Order").[2]

Roughly three months later, plaintiff filed a second motion for a preliminary injunction, wherein plaintiff sought an order directing that he be provided medical treatment for various conditions that he claimed had not been treated during his confinement at Great Meadow C.F. Dkt. No. 32 ("Second Preliminary Injunction Motion"). By Decision and Order filed on March 4, 2019, plaintiff's Second Preliminary Injunction Motion was denied. Dkt. No. 35.

Presently before the Court is plaintiff's third motion for preliminary injunctive relief, and motion to appoint counsel. *See* Dkt. No. 69 ("Third Preliminary Injunction Motion"); Dkt. No. 77 ("Motion for Counsel"). Defendant Blair has opposed plaintiff's Third Preliminary Injunction Motion. Dkt. No. 75.

---

[1] The procedural history leading up to plaintiff's filing of his IFP Application was recited in the June 2018 Order and will not be restated herein.

[2] Defendant Blair answered the complaint on August 3, 2018, (Dkt. No. 20), and a Mandatory Pretrial Discovery and Scheduling Order was filed on September 24, 2018, (Dkt. No. 21).

## II.    MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's Third Preliminary Injunction Motion appears to seek injunctive relief regarding alleged mail tampering.  *See* Third Preliminary Injunction Motion at 1, 3.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (explaining that a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir.

1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff's Third Preliminary Injunction Motion must be denied for several reasons. First, plaintiff is incarcerated at Great Meadow C.F. *See* Dkt. No. 77 at 1-2. His claim for relief that remains in this action is based on alleged wrongdoing that occurred while he was incarcerated at Coxsackie Correctional Facility ("Coxsackie C.F."), and is asserted against defendant Blair, who is a Nurse at Coxsackie C.F. This claim bears no relationship to the alleged mail tampering that is occurring at Great Meadow C.F. *See Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties, where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at

4

Franklin and Upstate Correctional Facilities in 2006 and 2007); *Mitchell v. New York State Dep't of Corr. Servs*., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying the plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

Second, and relatedly, plaintiff appears to seek injunctive relief against the New York State Attorney General's Office and unidentified staff at Great Meadow C.F. based on alleged mail tampering. Third Preliminary Injunction Motion at 3. None of these individuals are defendants in the present action. The law is well-settled that injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Dizak v. Hawks*, No. 9:15-CV-1171 (LEK/TWD), 2016 WL 4702438, at *2-3 (N.D.N.Y. Sept. 8, 2016) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. . . . To the extent that Plaintiff seeks injunctive relief against persons who are not parties to this action, the Court lacks personal jurisdiction to enjoin their actions.").

Third, plaintiff has failed to identify in his motion papers any actual and imminent injury he will suffer in the absence of a mandatory injunction. *See McKenna v. Wright*, No. 01-CV-6571, 2002 WL 338375, *4 (S.D.N.Y. Mar. 4, 2002) ("[S]ince the movant must show that the alleged irreparable harm is imminent, and not remote or speculative, . . . a finding of irreparable harm [cannot be based] solely on past conduct . . . ."). Instead, plaintiff has simply expressed concern that this action might be dismissed and he may be denied medical attention because of mail tampering, which is purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief. *See, e.g.*, *Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (demonstrating that allegations of future injury without more do not establish a real threat of injury); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983) (noting that speculative, remote or future injury is not the province of injunctive relief); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction.").

Fourth, plaintiff's claim that he has experienced "tampering with [his] legal mail" is apparently based on his lack of receipt of the transcript from a proceeding held in this case on May 17, 2019. *See* Third Preliminary Injunction Motion at 1-2. However, it appears that since plaintiff filed his motion, he ordered and was provided a copy of the transcript he desires. *See* Dkt. No. 73.[3]

---

[3] For the sake of efficiency, the Clerk is also directed to provide plaintiff with an additional copy of the transcript.

For all of these reasons, plaintiff's Third Preliminary Injunction Motion, (Dkt. No. 69), is denied.[4]

## III.    MOTION FOR COUNSEL

There is no right to appointment of counsel in civil matters.  *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.  *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990).  Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61.  This is not to say that all, or indeed any, of these factors are

---

[4]  Plaintiff is advised that concerns regarding his current conditions of confinement at Great Meadow C.F. should be addressed through administrative channels at that facility and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

controlling in a particular case. Rather, each case must be decided on its own facts. *See Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

Here, plaintiff argues that he is in need of counsel because: (1) he is indigent, (2) his imprisonment limits his ability to litigate this case, which involves complex issues, (3) a trial will likely involve conflicting evidence and a need to cross-examine witnesses, and (4) he has made efforts to obtain counsel on his own without any success. *See* Motion for Counsel at 1.

As an initial matter, the main facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claims. Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Furthermore, even if the Court were to assume that the case may be of substance, at this stage of the proceeding, the dispute in this case appears to be limited to plaintiff's First Amendment retaliation claim against defendant Blair, which does not present any overly complex issues. In addition, there is no basis for the Court to conclude, based on the current record, that plaintiff does not have an ability to investigate pertinent facts and present his case.

While it is possible, should plaintiff's claim survive dispositive motion practice, that there will be conflicting evidence implicating the need for cross-examination at the time of the

8

trial, as is the case in many actions brought under Section 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. Further, if this case proceeds to trial, it is highly probable that this Court will appoint trial counsel at the final pretrial conference. This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For all of these reasons, the Court finds that appointment of counsel is unwarranted. Plaintiff may file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's third motion for preliminary injunctive relief (Dkt. No. 69) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 77) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties, and also serve on plaintiff a copy of the transcript of proceedings held on May 17, 2019 (Dkt. No. 73).

**IT IS SO ORDERED.**

October 7, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

9