UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GABRIEL GILMORE,

                          Plaintiff,

      v.                                                  9:18-CV-0463
                                                               (GLS/DJS)

BLAIR, *Nurse*,

                          Defendant.

---

**APPEARANCES:**                             **OF COUNSEL:**

GABRIEL GILMORE
04-B-0387
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA JAMES                NICHOLAS LUKE ZAPP, ESQ.
New York State Attorney General      Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Gabriel Gilmore commenced this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1, Compl. An initial review was performed by the Honorable Gary L. Sharpe, and as a result only the First Amendment retaliation claim against Defendant Blair survived. Dkt. No. 13 (the "June 2018 Order"). As to that allegation, it is alleged that Zachary Blair was at all relevant times a nurse at the

Coxsackie Correctional Facility. Compl. at p. 67; June 2018 Order at p. 5. Plaintiff alleges that Nurse Blair accused Plaintiff of lying about his health condition, resulting in a misbehavior report. *Id.* This occurred in November 2016. *Id.* A month later Plaintiff was found "not guilty" after a disciplinary hearing on the charge. *Id.* Plaintiff further alleges that on January 23, 2017, after he had returned from an outside facility for a colonoscopy, Plaintiff was provided food and water at the Coxsackie Correctional Facility which caused him to become dizzy and have painful sensations. *Id.* Plaintiff alleges that a "John Doe" Correction Officer put a prophylaxis in his food, at the request of Nurse Blair, and that this caused an aggravation of his lung and liver conditions. *Id.*

Plaintiff has now filed numerous Letter-Requests concerning outstanding discovery. Dkt. Nos. 65, 66, 70, 71, & 76. On May 21, 2019, this Court issued a Discovery Order relating to many of the concerns presented by way of the present letters. In particular, Mr. Gilmore indicated that he had a colonoscopy procedure at an outside medical facility and was looking for records of that procedure, including photographs that were taken for diagnostic purposes at that outside facility. In addition, Plaintiff requested defense counsel produce certain video footage of a hallway near the RMU. Since the date of that Discovery Order, counsel for Defendant has received a compact disc from the hospital which included approximately 3,300 photos. Dkt. No. 72. Counsel has made arrangements to have Plaintiff view the photos on the computer at the facility where he was housed. *Id.* Further, Defendant's counsel maintains that Plaintiff identified sixty-six photos that were of particular

significance, and provided photocopies of those images free of charge. *Id.* Defense counsel has indicated that further copies will be produced at a $.25 per page charge. Plaintiff however maintains that, pursuant to this Court's prior Order, he is entitled to free copies of all the images. The relevant portion of the Order stated: "defense counsel is to make arrangements to have the Plaintiff view those discs, if they exist, and to provide him with the best quality copies of relevant photographs." Dkt. No. 49 at p. 5.

With regard to the video of the hallway footage, defense counsel has now confirmed with the facility that there are no such videos for the day in question. Defense counsel also notes that this request is beyond the discovery deadlines, and outside what the Court had previously ordered. Plaintiff, for his part, objects to the Defendant's response upon the grounds that he has statements from two other inmates attesting to the fact that there were cameras in the hallway of the medical unit at the relevant time.

## II. DISCUSSION

Having reviewed Plaintiff's letters, defense counsel's responses, and having discussed the matter at length with Plaintiff and defense counsel during an on-the-record telephone conference on November 8, 2019, the Court hereby grants in part and denies in part Plaintiff's Letter-Motions for the reasons set forth in the conference.

Plaintiff's request to receive several thousand copies of photographs of his colonoscopy, without charge, is **denied**. In this Court's previous Discovery Order it directed the Defendant's counsel to allow Plaintiff to view the images produced by the outside

hospital, and to produce the *relevant* images. The Court was unaware at the time of the vast number of images, but did question, and continues to question, the proportional relevance of those photographs in a case that no longer contains a medical indifference claim. Nevertheless, defense counsel has complied with this Court's prior Order by allowing Plaintiff to view the images in the same form that they were provided to him by the hospital, and further, by providing the requested sixty-six copies of those images to the Plaintiff free of charge. In the event that Plaintiff wishes additional copies, he is required to pay the fee that has been requested, namely $.25 per page. This is an amount that has previously been approved by courts in this District. *Green v. Venettozzi*, 2019 WL 4508927, at *2 (N.D.N.Y. Sept. 19, 2019) ("Defendants' counsel has provided the Court with exhibits to the bill of costs and provided detail as to the quantity and cost per page of the items copied at twenty-five cents per page – a rate which the court finds to be reasonable."); *Mitchell v. Annucci*, 2019 WL 3253192, at *15 (N.D.N.Y. July 19, 2019) (approving copying cost of $0.50 per page); *see also* N.D.N.Y.L.R. 5.4(a) ("The granting of an *in forma pauperis* application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees.").

In order to further assist Plaintiff, however, the Court directs that as part of Defendant's upcoming summary judgment motion, defense counsel shall provide to the Court the computer disc at issue. Counsel shall also make arrangements to have Plaintiff view the

disc one more time if he so desires, so that Plaintiff will have the opportunity of identifying the Bates numbers of the photographs that he wishes the Court to review.

With regard to the production of the hallway video, defense counsel has now confirmed that such video does not exist. Therefore, Defendant's response to that inquiry stands. In the event that Plaintiff has contrary information, he can pursue that issue at trial or make an appropriate motion. All other requests of Plaintiff are **DENIED**.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter-Motions to Compel Discovery, and for other relief, (Dkt. Nos. 65, 66, 70, 71, & 76) are **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: November 12, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge