UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GABRIEL GILMORE,

                                  Plaintiff,        9:18-CV-0463
                                                              (GLS/DJS)

       v.

BLAIR,

                                  Defendant.

---

APPEARANCES:

GABRIEL GILMORE
04-B-0387
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011


HON. LETITIA JAMES                NICHOLAS LUKE ZAPP
New York State Attorney General     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224


GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Gabriel Gilmore commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, and thereafter a proper application to proceed in forma pauperis (IFP). *See* Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). By Decision and Order filed on June 5, 2018, plaintiff's IFP Application was granted, and after screening the

complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed several claims and defendants from this action, and found that plaintiff's First Amendment retaliation claim against defendant Blair survived sua sponte review and required a response. Dkt. No. 13 (the "June 2018 Order").[1]

Defendant Blair answered the complaint on August 3, 2018, *see* Dkt. No. 20, and a Mandatory Pretrial Discovery and Scheduling Order was filed on September 24, 2018, *see* Dkt. No. 21.

Thereafter, between October, 2018 and August, 2019, plaintiff filed, among other things, three motions seeking preliminary injunctive relief, each of which were denied by separate Decision and Order of this Court. *See* Dkt. No. 23 ("First Preliminary Injunction Motion"); Dkt. No. 26 ("November 2018 Order Denying First Preliminary Injunction Motion"); Dkt. No. 32 ("Second Preliminary Injunction Motion"); Dkt. No. 35 ("March 2019 Order Denying Second Preliminary Injunction Motion"); Dkt. No. 69 ("Third Preliminary Injunction Motion"); Dkt. No. 78 ("October 2019 Order Denying Third Preliminary Injunction Motion").[2]

Presently before the Court are the following submissions from plaintiff: (1) a letter request for Court assistance regarding interference with mail, Dkt. No. 90; and (2) a motion for an injunction and restraining order regarding interference with plaintiff's document

---

[1] The procedural history leading up to plaintiff's filing of his IFP Application was recited in the June 2018 Order and will not be restated herein.

[2] Plaintiff's First Preliminary Injunction Motion requested that he be transferred out of Great Meadow Correctional Facility ("Great Meadow C.F.") based on alleged mail tampering. Plaintiff's Second Preliminary Injunction Motion sought an order directing that he be provided medical treatment for various conditions that he claimed had not been treated during his confinement at Great Meadow C.F. Plaintiff's Third Preliminary Injunction Motion also sought relief based on alleged mail tampering.

production, Dkt. No. 94.³ The Court construes these submissions together as a Fourth Preliminary Injunction Motion, which counsel for defendant Blair has opposed. *See* Dkt. Nos. 95, 96.

## II. MOTION FOR PRELIMINARY INJUNCTION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60

---

³ Plaintiff's letter request is dated November 14, 2019, and contends that a "FOIL Officer" has failed to send him a "production of documents for summary judgement [sic]" in response to a Freedom of Information Law (FOIL) request made on November 1, 2019. Dkt. No. 90. Plaintiff's motion for an injunction and restraining order is dated November 19, 2019, and also relates to the purported failure to produce documents in response to his FOIL request made on November 1, 2019. Dkt. No. 94. Plaintiff has attached to his motion certain documents he received from officials from the New York State Department of Corrections and Community Supervision (DOCCS) related to a disbursement for his FOIL request. *Id.* at 3-5.

F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of N.Y., Inc*., 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff's Fourth Preliminary Injunction Motion must be denied for several reasons. First, as with his First Preliminary Injunction Motion and Third Preliminary Injunction Motion, plaintiff's Fourth Preliminary Injunction Motion impermissibly seeks relief against a non-party, and bears no relationship to the claim for relief that remains in this action. *See* October 2019 Order Denying Third Preliminary Injunction Motion at 4-5.

Second, plaintiff has failed to identify any actual and imminent injury he will suffer in the absence of a mandatory injunction. Indeed, plaintiff's motion fails to provide any details regarding what documentation he has requested from the "FOIL Officer," let alone why this documentation is relevant to the underlying proceeding and was not requested from counsel for defendant Blair.

Third, and perhaps most importantly, it appears from the documentary evidence

4

attached to plaintiff's motion that plaintiff has not received the documents he has sought through a FOIL request due to his own failure to follow DOCCS procedures for requesting such documents.  See Dkt. No. 94 at 3-5.

For all of these reasons, plaintiff's Fourth Preliminary Injunction Motion is denied. Plaintiff is advised that concerns regarding his current conditions of confinement at Attica Correctional Facility should be addressed through administrative channels at that facility and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.  Plaintiff is further warned, in light of having filed three separate and meritless requests for injunctive relief related to mail issues, that repetitive unsubstantiated filings which unnecessarily burden the Court and/or defendant may result in the imposition of sanctions.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's fourth motion for preliminary injunctive relief (Dkt. Nos. 90, 94) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

January 3, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge