UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GABRIEL GILMORE,

                              Plaintiff,                        9:18-CV-0463
                                                                        (GLS/DJS)

       v.

BLAIR,

                              Defendant.
_____

APPEARANCES:

GABRIEL GILMORE
04-B-0387
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                        NICHOLAS LUKE ZAPP
New York State Attorney General          Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

      Plaintiff Gabriel Gilmore commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, and thereafter a proper application to proceed in forma pauperis (IFP). *See* Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). By Decision and Order filed on June 5, 2018, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court

dismissed several claims and defendants from this action, and found that plaintiff's First Amendment retaliation claim against defendant Blair survived sua sponte review and required a response.  Dkt. No. 13 (the "June 2018 Order").[1]

Defendant Blair answered the complaint on August 3, 2018, Dkt. No. 20, and a Mandatory Pretrial Discovery and Scheduling Order was filed on September 24, 2018, Dkt. No. 21.

Thereafter, between October, 2018 and November, 2019, plaintiff filed, among other things, four separate motions seeking preliminary injunctive relief, each of which were denied by separate Decision and Order of this Court.  See Dkt. No. 23 ("First Preliminary Injunction Motion"); Dkt. No. 26 ("November 2018 Order Denying the First Preliminary Injunction Motion"); Dkt. No. 32 ("Second Preliminary Injunction Motion"); Dkt. No. 35 ("March 2019 Order Denying the Second Preliminary Injunction Motion"); Dkt. No. 69 ("Third Preliminary Injunction Motion"); Dkt. No. 78 ("October 2019 Order Denying the Third Preliminary Injunction Motion"); Dkt. Nos. 90, 94 ("Fourth Preliminary Injunction Motion"); Dkt. No. 99 ("January 2020 Order Denying the Fourth Preliminary Injunction Motion").[2]

Presently before the Court are the following submissions from plaintiff: (1) a fifth motion seeking preliminary injunctive relief, Dkt. No. 100 ("Fifth Preliminary Injunction Motion"); and (2) a letter motion seeking reconsideration of the January 2020 Order Denying

---

[1] The procedural history leading up to plaintiff's filing of his IFP Application was recited in the June 2018 Order and will not be restated herein.

[2] Plaintiff's First Preliminary Injunction Motion requested that he be transferred out of Great Meadow Correctional Facility ("Great Meadow C.F.") based on alleged mail tampering.  Plaintiff's Second Preliminary Injunction Motion sought an order directing that he be provided medical treatment for various conditions that he claimed had not been treated during his confinement at Great Meadow C.F.  Plaintiff's Third Preliminary Injunction Motion once again sought relief based on alleged mail tampering.  Plaintiff's Fourth Preliminary Injunction Motion also sought relief based on alleged mail tampering.

2

the Fourth Preliminary Injunction Motion, Dkt. No. 101 ("Motion for Reconsideration"). Counsel for defendant Blair has opposed both requests. *See* Dkt. Nos. 106, 107.

II. **MOTION FOR RECONSIDERATION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[3] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff's one-page letter motion does not suggest that there has been an intervening change in the controlling law. Rather, construing plaintiff's motion with the utmost liberality, it appears plaintiff desires for the Court to reconsider its prior ruling based on new evidence, and to remedy a clear error of law or to prevent manifest injustice. The "new evidence" presented by plaintiff in support of his request is comprised of a letter from the Deputy Superintendent of Administration responding to a "tab" from plaintiff about his disbursement form, and his inmate account statement for the month of November, 2019. *See* Motion for

---

[3] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

3

Reconsideration at 2-3. According to plaintiff, these documents show that his Freedom of Information Law request was properly made, and should have resulted in his receipt of documents. *Id*. at 1.

After thoroughly reviewing plaintiff's letter, and affording his request due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the January 2020 Order Denying the Fourth Preliminary Injunction Motion. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice, and that plaintiff's "new evidence" is of no consequence. Thus, plaintiff's request for reconsideration of the January 2020 Order Denying the Fourth Preliminary Injunction Motion is denied in its entirety.

## III.   FIFTH MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The legal standard governing motions for injunctive relief was set forth in detail in the January 2020 Order Denying the Fourth Preliminary Injunction Motion and will not be restated herein. *See* Dkt. No. 99 at 3-4.

In his Fifth Motion for Preliminary Injunctive Relief, plaintiff requests that he be sent to an "outside hospital" for medical treatment because documentary evidence shows that he was not taken on a "medical trip" on either July 20, 2018, or July 9, 2019. *See* Fifth Motion for Preliminary Injunctive Relief at 1.[4]

As an initial matter, plaintiff's motion lacks any proof that plaintiff is currently suffering from a medical condition that requires immediate medical attention. In fact, the motion lacks

---

[4] Plaintiff has attached documentary evidence in support of his argument. *See* Fifth Motion for Preliminary Injunctive Relief at 3-8.

4

any discussion of plaintiff's medical needs whatsoever. Thus, plaintiff has failed to establish that he is likely to suffer any harm, let alone irreparable harm, if his motion is denied.

Furthermore, as plaintiff has now been repeatedly advised, injunctive relief is not available when the request is made against a non-party, and bears no relationship to the claim for relief that remains in this action. *See, e.g.*, October 2019 Order Denying Third Preliminary Injunction Motion at 4-5. The only claim that remains in this action is a First Amendment retaliation claim against defendant Blair based on alleged wrongdoing that occurred between November 2016 and January 2017. *See* June 2018 Order at 5, 18. Plaintiff's contention that he was denied medical treatment in 2018 and 2019 by non-parties bears absolutely no relationship to this claim.

For all of these reasons, plaintiff's Fifth Preliminary Injunction Motion is denied. In addition, because this is now the second time that plaintiff has filed a meritless motion for injunctive relief related to his desire for "outside" medical treatment, and plaintiff has also previously filed three other meritless motions for preliminary injunctive relief related to alleged mail tampering, plaintiff is advised that his filing of any future meritless motions for injunctive relief against non-parties, based on events that do not present the prospect of immediate irreparable harm or relate to the sole remaining claim in this action, will result in the imposition of sanctions, which may include the revocation of his in forma pauperis status.[5]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 101) is **DENIED**; and it

---

[5] Plaintiff is advised that concerns regarding his current conditions of confinement at Attica Correctional Facility should be addressed through administrative channels at that facility and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

5

is further

**ORDERED** that plaintiff's fifth motion for preliminary injunctive relief (Dkt. No. 100) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

February 14, 2020
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge