**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GABRIEL GILMORE,**

                                **Plaintiff,**    **9:18-cv-463
(GLS/DJS)**

              v.

**BLAIR,**

                                **Defendant.**
_____

## ORDER

Pending are plaintiff *pro se* Gabriel Gilmore's motion for reconsideration of the court's February 5, 2020 Order, (Dkt. Nos. 111, 113), as well as an appeal from Magistrate Judge Daniel J. Stewart's February 14, 2020 Order, which denied Gilmore's motions for various relief, (Dkt. Nos. 117, 119). For the reasons that follow, Gilmore's motion for reconsideration is denied, and Judge Stewart's February 14, 2020 Order is affirmed.

**A.   Motion for Reconsideration**

A court may reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear

error of law or prevent manifest injustice. *See Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The standard for granting a motion for reconsideration is strict and "should not be granted where the moving party seeks to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks and citations omitted).

After thoroughly reviewing Gilmore's motion, which consists of a single, hand-written page, (Dkt. No. 113), and taking into account his *pro se* status, there is no basis for reconsideration of the February 5, 2020 Order. Accordingly, Gilmore's application is denied.

**B.    Appeal**

When reviewing an appeal from a pretrial, non-dispositive motion decided by a magistrate judge, the court will affirm the order unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Mitchell v. Cuomo*, No. 9:17-CV-0892, 2019 WL 1397195, at *1 (N.D.N.Y. Mar. 28, 2019). Under a clearly erroneous standard, a

district court can reverse a magistrate judge's order only if it "is left with the definite and firm conviction that a mistake has been committed." *Mitchell*, 2019 WL 1397195, at *1 (quoting *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted). To be sure, "magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Gibson v. Rosati*, No. 9:13-cv-503, 2016 WL 5390344, at *2 (N.D.N.Y. Sept. 27, 2016) (citation omitted).

Here, Gilmore attacks a determination of discovery-related issues, (Dkt. No. 119 at 1), for which magistrate judges are afforded considerable discretion, *see Gibson*, 2016 WL 5390344, at *2. Magistrate Judge Stewart's rationale for denying the requested relief is explained in his order. (Dkt. No. 117.) After careful consideration of the underlying record, the order appealed from is neither contrary to law nor clearly erroneous, and is, therefore, affirmed.

Accordingly, it is hereby

**ORDERED** that Gilmore's motion for reconsideration (Dkt. No. 113) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Daniel J. Stewart's February 14, 2020 Order (Dkt. No. 117) is **AFFIRMED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

July 8, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge